DIETZ, Judge, concurring.
I am not persuaded that an association's failure to comply with the authorization steps in its bylaws before bringing suit should be treated as a jurisdictional defect that can be raised by an opposing party at any time as a means to dismiss the action. Whether the procedural steps to authorize the suit were followed or not, these homeowners' associations appear to possess a "sufficient stake in an otherwise justiciable controversy" to confer jurisdiction on the trial court to adjudicate this legal dispute. Peninsula Prop. Owners Ass'n, Inc. v. Crescent Res., LLC , 171 N.C.App. 89, 92, 614 S.E.2d 351, 353 (2005). Moreover, the General Statutes and the association's bylaws provide means for association members harmed by the improper commencement of this suit to seek redress from the courts if they wish to do so-either by seeking to stay or dismiss the action, or by pursuing a separate action against the appropriate parties for the unauthorized filing of the lawsuit.
Permitting a defendant to question the association's standing to bring suit where no member of the association has objected is "akin to letting the proverbial fox protect the interests of the chickens." Port Liberte II Condo. Ass'n, Inc. v. New Liberty Residential Urban Renewal Co., LLC , 435 N.J.Super. 51, 86 A.3d 730, 740 (Ct. App. Div. 2014). But I am unable to distinguish this case from our Court's earlier holding in *305 Peninsula Property Owners Association , which compels us to affirm the dismissal of this action for lack of jurisdiction. I therefore concur in the majority opinion.